LILLIE J. GILLESPIE v. TOMMY RAY COFFEY, G. LEWIS BERNHARDT, AND THE CITY OF LENOIR, A MUNICIPAL CORPORATION

No. 8625SC1257

(Filed 2 June 1987)

1. **Limitation of Actions § 4.2— remodeling of restaurant entryway—applicability of six-year statute of limitations**

    The statute of limitations of N.C.G.S. § 1-50(5)a prohibited plaintiff from bringing a personal injury action against defendant city because more than six years had passed from the time that defendant's building inspector approved the remodeling of a restaurant entryway to the time plaintiff filed this action seeking damages for the injuries suffered due to a fall at the restaurant.

2. **Negligence § 48— condition of restaurant entryway—failure to comply with building code—no showing of proximate cause**

    In an action to recover for personal injuries sustained by plaintiff when she fell in a restaurant, the trial court properly entered summary judgment for defendants where plaintiff alleged that remodeling of the restaurant entryway did not meet requirements as set forth in the N. C. State Building Code, but she presented no evidence that the alleged noncompliance proximately caused her injuries.

APPEAL by plaintiff from *Hyatt, Judge.* Orders entered 5 September 1986 in Superior Court, CALDWELL County. Heard in the Court of Appeals 6 May 1987.

Plaintiff instituted this action on 24 September 1985 seeking damages for the injuries suffered due to a fall at Crossroads Restaurant in Lenoir, North Carolina. Plaintiff claimed that the remodeling of the restaurant entryway in May of 1979 did not meet requirements as set forth in the North Carolina State Building Code. Plaintiff claimed that the City of Lenoir was responsible because it inspected and approved the entryway after its completion and continually failed to enforce the building code requirements. Plaintiff claimed that all defendants were liable because of faulty design, construction and maintenance and because there were no signs warning of the "dangerous condition there existing." All defendants filed for summary judgment and their motions were granted on 5 September 1986. From these orders of the trial court, plaintiff appeals.

*Donald T. Robbins for plaintiff appellant.*

*Whisnant, Simmons, Groome, Tuttle and Pike, by Houston Groome, Jr., for defendant appellee, Tommy Ray Coffey.*

*Todd, Vanderbloemen, Respess and Brady, by Bruce W. Vanderbloemen, for defendant appellee, G. Lewis Bernhardt.*

*Mitchell, Blackwell, Mitchell and Smith, by Thomas G. Smith, for defendant appellee, City of Lenoir.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting summary judgment to all of the defendants. We do not agree.

[1]  Concerning the granting of summary judgment to the City of Lenoir, we note the following statute. G.S. 1-50(5)a states:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

The City of Lenoir claims that this statute of limitations prohibits plaintiff from bringing this action against the defendant City because more than six years have passed from the time that the

building inspector approved the remodeling to the time plaintiff filed this action.

Plaintiff, however, claims that the City of Lenoir may not assert the statute of limitations defense due to G.S. 1-50(5)d. This statute states:

> The limitation prescribed by this subdivision shall not be asserted as a defense by any person in actual possession or control, as owner, tenant or otherwise, of the improvement at the time the defective or unsafe condition constitutes the proximate cause of the injury or death for which it is proposed to bring an action, in the event such person in actual possession or control either knew, or ought reasonably to have known, of the defective or unsafe condition.

Plaintiff argues that the City of Lenoir was in "control" as set forth in the statute because it was in charge of all construction within its territorial boundaries and had the responsibility for enforcement of the North Carolina State Building Code pursuant to Section 105.2 which states:

> Local Inspection Departments shall receive applications for permits, issue or deny permits, make necessary inspections, issue or deny certificates of compliance, issue orders to correct violations, revoke permits, bring judicial actions against actual or threatened violations, keep adequate records, and take any other actions that may be required in order adequately to enforce the Code.

We are not persuaded by plaintiff's argument.

The exception in G.S. 1-50(5)d for owners and tenants is based on a continued duty to inspect and maintain the premises. The City of Lenoir had no duty to continually inspect the remodeled entryway. The last act of the defendant City occurred in May 1979 when the building inspector approved the remodeling of Crossroads and concluded that the alterations to the restaurant complied with the building code. Thus, by waiting more than six years from that last act, plaintiff is barred by G.S. 1-50(5) from bringing this action against the City of Lenoir.

[2] Even without the benefit of the statute of limitations set forth in G.S. 1-50(5), summary judgment was appropriately grant-

ed to the City of Lenoir and also to the remaining defendants because plaintiff presented no evidence that the alleged noncompliance with the building code proximately caused her injuries.

Plaintiff makes brief mention of the provision of the North Carolina State Building Code concerning handicapped facilities in construction. No mention, however, is made of what plaintiff believed the code to require in the present case and just how the entryway did not conform to such requirements.

In her brief, plaintiff correctly points out that violation of the building code is negligence per se. *Lindstrom v. Chesnutt*, 15 N.C. App. 15, 189 S.E. 2d 749, *cert. denied*, 281 N.C. 757, 191 S.E. 2d 361 (1972). However, even assuming *arguendo* that the entryway did not meet the requirements of the code, plaintiff's action still fails. Plaintiff has made no showing that such negligent noncompliance was a cause in fact of her injury, much less a proximate cause. In order for plaintiff to show that there was a genuine issue of material fact in this respect, it was necessary for plaintiff to forecast evidence which is "sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts." *Parker v. Wilson*, 247 N.C. 47, 53, 100 S.E. 2d 258, 262 (1957). This, plaintiff has not done. The trial court did not err in granting defendants' motions for summary judgment.

Affirmed.

Judges WELLS and ORR concur.